# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EMANUEL MITCHELL,       )
                                  )
        **Plaintiff,**          )
                                  )
v.                                 )            **Case No. CIV-19-40-G**
                                  )
GEO GROUP, INC., et al.,    )
                                  )
        **Defendants.**       )

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 11) issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se and proceeding *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. Judge Erwin recommends that Plaintiff's Complaint be dismissed on screening. *See* 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

Plaintiff has not filed a written objection to the Report and Recommendation within the allotted time period.[1] Judge Erwin specifically informed Plaintiff of his right to object and the consequences of failing to do so. *See* R. & R. at 14-15. Upon review, the Court concludes that Plaintiff has waived further review of all issues addressed in the Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[1] On June 13, 2019, the Court issued an Order extending Plaintiff's deadline to file an objection to June 27, 2019. *See* Doc. No. 15. The Court mailed a copy of this Order to Plaintiff's address of record, but the mailing was returned as undeliverable. *See* Doc. No. 16. It is Plaintiff's responsibility to ensure that his address of record is current by promptly notifying the Court of a change of address. *See* LCvR 5.4.

Accordingly, the Report and Recommendation entered on April 10, 2019 (Doc. No. 11) is

ADOPTED, and this matter is DISMISSED[2] as further articulated therein.[3]  Plaintiff's

Motion to Appoint Counsel (Doc. No. 14) is DENIED as moot.

IT IS SO ORDERED this 4th day of October, 2019.

CHARLES B. GOODWIN
United States District Judge

---

[2] The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

[3] Although the Report and Recommendation recommends dismissal with prejudice of Plaintiff's individual-capacity "medical negligence" claim against Defendant Loper insofar as it is alleged under § 1983 rather than state law, the Court does not find that amendment would be futile and therefore dismisses this claim without prejudice.  With sufficient allegations, a claim styled as medical negligence could be liberally construed as a claim of deliberate indifference to a serious medical need.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  Further, the Court finds that the official-capacity claims against Defendant Honaker should be dismissed without prejudice.  As a state official, Defendant Honaker is not a "person" under § 1983 insofar as he is sued in his official capacity for damages, and Plaintiff has not stated a claim for any underlying constitutional violation for which he may obtain prospective relief.  *See Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Vann v. Okla. State Bureau of Investigation*, 28 F. App'x 861, 864 (10th Cir. 2001).